WIGTON v. JERSEY CITY WINDOW-GLASS CO. See Case No. 7,292.

## Case No. 17,632.

### WILBER v. INGERSOLL.

[2 McLean, 322.] [1]

Circuit Court, D. Ohio. Dec. Term, 1840.

STATUTES ABOLISHING IMPRISONMENT FOR DEBT.

The act of Ohio abolishing imprisonment for debt, except in certain cases, having been adopted by congress, can only affect proceedings in a case, subsequently to its adoption.

[This was an action by A. Wilber against T. Ingersoll.]

Mr. Goddard, for plaintiff.
Mr. Gilbert, for defendant.

McLEAN, Circuit Justice. In this case a judgment was entered at July term, 1838, and a capias ad satisfaciendum was issued on the judgment, returnable to the ensuing term of December. On this process the defendant was arrested, and he gave security for the prison limits. And the counsel for the defendant now moves the court for a rule nisi, that plaintiff, within thirty days, file with the clerk an affidavit of himself, his agent or attorney, setting forth some one or more of the causes which, by the laws of Ohio, would entitle him to a ca. sa., and, in default thereof, that the defendant be discharged. This motion is opposed by the plaintiff's counsel.

By the act of Ohio, of the 19th March, 1838, imprisonment for debt, except in certain cases, is abolished, unless an affidavit be made agreeably to the statute, &c., before the suit is commenced, and, also, after the rendition of the judgment, and before final process shall be issued. By the act of congress, of the 28th February, 1839 [5 Stat. 321], the state laws, respecting imprisonment for debt, were adopted. Until the adoption of the state statute on this subject, it could not operate on causes brought in the federal court. And, the question is now made, whether this state law, adopted in 1839, can have the effect to release from imprisonment a defendant held on a capias ad satisfaciendum, dated in 1838, and issued on a judgment rendered the same year. The law took effect from the time of its adoption, and all causes, then pending, were governed by it. But no retrospective operation can be given to the law. In the case of Gray v. Monroe [Case No. 5,724], this court gave effect to the law, by discharging the appearance bail on motion. In that case the action had been commenced, and the appearance bail taken, before the adoption of the statute by congress: but the court held that, as under the law, special bail, in that case, could not be required, the appearance bail must be discharged.

In the case under consideration, the proceedings had been consummated before the law took effect. The defendant was held, if not in satisfaction of the judgment, at least as a means of enforcing the payment of it. And we know of no rule of construction which shall

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

apply the provisions, of the adopted act of 1839, to a proceeding in any case prior to that time. If any further step were necessary by the plaintiff, to coerce the payment of his judgment, such step must be taken under the existing law. The motion is overruled.